Filed 7/21/25  P. v. Dominguez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JULIAN DOMINGUEZ<br><br>    Defendant and Appellant. | D083869<br><br><br><br>(Super. Ct. No. SCD268952 ) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Eric A. Swenson, Supervising Deputy Attorney General and Heather M. Clark, Deputy Attorney General for Plaintiff and Respondent.

Julian Dominguez appeals from an order denying him resentencing under Penal Code section 1172.75.[1] He contends he is entitled to a full resentencing under that law because at the time of his hearing on section 1172.75 relief, his judgment included two invalid section 667.5, former subdivision (b) prior prison term enhancements. We hold Dominguez is not entitled to resentencing as this court struck the two prior prison enhancements in May 2020, before section 1172.75's effective date, and thus his judgment did not include them. We affirm the order.

PROCEDURAL BACKGROUND[2]

In 2017, a jury convicted Dominguez of robbery (§ 211) and found true allegations that he committed the offense for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)). Dominguez admitted he served two prior prison terms (§ 667.5, former subd. (b)), had one prior serious felony conviction (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)), and had one strike prior conviction (§§ 667, subds. (b)-(i), 1170.12, 668). That same year, the court sentenced him to a 16-year determinate prison term: a five-year upper term for the robbery doubled to 10 years based on the strike prior, a consecutive five-year term for the serious felony prior, and a consecutive one-year term for one of the prison priors. The court stayed the term for the other prison prior and stayed the 10-year term for the gang enhancement.

In December 2018, this court vacated Dominguez's sentence and remanded the matter "for resentencing to permit the court to fully exercise its discretion" with respect to imposition of the section 186.22, subdivision (b)(1)

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    The facts of Dominguez's conviction are not material to the issues presented in this appeal.

2

gang enhancement, as well as to decide whether to strike the serious felony prior. (*People v. Dominguez* (Dec. 20, 2018, D072771) [nonpub. opn.].)

In April 2019, the trial court resentenced Dominguez to a 15-year term, staying both one-year terms on Dominguez's prior prison convictions. Dominguez again challenged his sentence on grounds the prison prior enhancements should have been stricken in light of new law, Senate Bill No. 136. (*People v. Arteaga* (May 20, 2020, D075828) [nonpub. opn.].) In May 2020, this court held that prison priors such as those alleged against Dominguez no longer qualified for the one-year enhancement originally contained in section 667.5, former subdivision (b). (*Ibid.*) We agreed with the parties' concession that the law applied to Dominguez. (*Ibid.*) Our disposition thus stated: "The sentence is modified to strike the prison prior enhancements (§ 667.5, subd. (b)) alleged as to each defendant." (*Ibid.*) We directed the trial court to amend the abstract of judgment as to each defendant to reflect the changes and to forward an amended abstract of judgment to the California Department of Corrections and Rehabilitation (CDCR). (*Ibid.*)

In October 2021, the Governor signed Senate Bill No. 483 (2021-2022 Reg. Sess.; Stats. 2021, ch. 728, § 3; see *People v. Monroe* (2022) 85 Cal.App.5th 393, 397.) Effective January 1, 2022, the enactment added section 1171.1 (*Monroe*, at p. 397), which was later renumbered as section 1172.75.

In or about 2023, the CDCR identified Dominguez as a person currently serving a prison term that includes a potentially legally invalid enhancement under section 667.5, former subdivision (b). In August 2023, the trial court tentatively ruled Dominguez did not qualify for relief. It found his sentence

"is not enhanced by an eligible prison prior pursuant to . . . [section] 667.5, [subdivision] (b) . . . ."

Dominguez's matter was heard in February 2024. The trial court observed that this court in May 2020 had ordered "both prison priors be stricken since they represented an unauthorized sentence in light of the passage of [Senate Bill No.] 136." It continued: "[T]his court has either previously complied with that order or if it hasn't is required to comply with that order. The court does order at this time both prison priors stricken and directs that, if necessary, an amended abstract be forwarded to the CDCR forthwith. [¶] [Dominguez's] current petition . . . is based on Senate Bill [No.] 483, which made the changes implemented by Senate Bill [No.] 136 retroactive. And since [Dominguez] has no prison priors as a part of the judgment on this case at this time, the petition is denied." In an addendum to its minute order, the court stated that it "ha[d] not previously acted upon" this court's order, so it ordered the prior convictions stricken and directed that an amended abstract of judgment be forwarded to the CDCR.[3]

Dominguez filed this appeal.

---

[3] The addendum reads in full: "This case involves [two] prison priors, one imposed and another imposed but stayed upon re-sentencing on [April 15, 2019]. On appeal, the [Court of Appeal] ordered on [May 20, 2020,] that both prison priors be stricken since they represent an unauthorized sentence in light of [Senate Bill No.] 136. Effective January 1, 2020, Senate Bill No. 136 amended section 667.5 by limiting the enhancement to only prior prison terms served for sexually violent offenses. Enhancements based on prior prison terms served for other offenses became legally invalid. [¶] This court has not previously acted upon the [May 2020] order. Now, the court orders the prison priors stricken and directs an amended abstract be forwarded to CDCR forthwith. [¶] The current petition of defendant is based upon Senate Bill No. 483 which made the changes implemented by Senate Bill [No.] 136 retroactive. Since the defendant has no prison priors as a part of the judgment on this case, the petition is denied."

4

## DISCUSSION

### I. *The Law*

"Before 2019, . . . section 667.5, subdivision (b) . . . instructed trial courts to 'impose a one-year term for each prior separate prison term or county jail term' served for a felony, with an exception not applicable here for a five-year period of freedom from custody and felony offenses. [Citations.] [¶] In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019–2020 Reg. Sess.) . . . which amended section 667.5[, subdivision] (b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.' [Citation.] In 2021, Senate Bill No. 483 (2021–2022 Reg. Sess.) made this change retroactive. It enacted . . . section 1171.1 [citation], later renumbered without substantive change as . . . section 1172.75 . . . [citation], which declares: 'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.' (§ 1172.75, subd. (a) . . . .)" (*People v. Rhodius* (2025) ___ Cal.5th ____, ____ [2025 WL 1763117, at pp. *1–2] (*Rhodius*).)

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. [Citation.] To facilitate the process, the statute directs [CDCR] to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).' [Citation.] Upon receiving that information, the sentencing court must 'review the judgment and verify that the current

5

judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' " (*Rhodius*, *supra*, ___ Cal.5th at p. ___ [2025 WL 1763117, at p. *2].)

"[T]he procedures for recall and resentencing under section 1172.75 are mandatory where they apply." (*Rhodius*, *supra*, ___ Cal.5th at p. ___ [2025 WL 1763117, at p. *9].) That is, the statute, if applicable, "requires full resentencing, not simply striking the now-invalidated priors." (*Id.* at p. ___ [2025 WL 1763117, at p. *9, fn. 3.)

II. *This Court Struck Dominguez's Prison Prior Enhancements in May 2020; His Judgment No Longer Includes the Now-Invalid Enhancements*

Dominguez contends the issue presented is whether section 1172.75's resentencing provisions apply to a defendant, like himself, whose judgment includes stayed prison prior enhancements. He acknowledges that this court in May 2020 "held that [his] prison priors be stricken" as well as directed the trial court to amend the abstract of judgment and forward it to CDCR. But, pointing to the trial court's February 2024 orders, Dominguez asserts the correction to his abstract "never happened," and thus, he argues, when section 1172.75 took effect in January 2022, he was still currently serving a term that included now-invalid prison term enhancements. According to Dominguez, it was not until February 2024 that the trial court ordered the priors be stricken and a new abstract of judgment forwarded to the CDCR.

The question framed by Dominguez has been answered by the California Supreme Court in *Rhodius*, *supra*, ___ Cal.5th ___ [2025 WL 1763117]. "[S]ection 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was

6

imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*Id*. at p. ___ [2025 WL 1763117, at p. *1].)

But Dominguez's appeal turns on a different question: the effect of this court's May 2020 disposition, in which we modified Dominguez's sentence to strike the section 667.5, former subdivision (b) prior prison enhancements. This court possesses the authority to modify Dominguez's judgment. Under section 1260, an appellate court "may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed." (See also *People v. Waqa* (2023) 92 Cal.App.5th 565, 585.) And, when a court "strikes [a sentencing] enhancement, it's as if the fact of the enhancement never existed—it will not remain on the defendant's criminal record nor will it affect them in any potential future resentencing." (*People v. Flores* (2021) 63 Cal.App.5th 368, 383; *People v. Barboza* (2021) 68 Cal.App.5th 955, 965.)[4] This court's May 2020 disposition substantively changed Dominguez's judgment to strike, and thereby eliminate, his prior prison term enhancements before the January 1, 2022 effective date of section 1172.75. At the time of the 2024 hearing on Dominguez's request for section 1172.75 relief, his judgment did not include a section 667.5, former subdivision (b) enhancement for the trial court to strike.

That the trial court neglected to correct Dominguez's abstract of judgment or forward it to CDCR immediately after our May 2020 disposition is immaterial. "An abstract of judgment is not the judgment of conviction" and "may not add to or modify the judgment . . . ." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Leon* (2020) 8 Cal.5th 831, 855.)

---

[4] "If, however, a judge strikes the punishment only, the fact of the enhancement *will* remain in the defendant's criminal record, but the enhancement cannot be used to 'add *any* punishment' in the current case." (*People v. Flores*, *supra*, 63 Cal.App.5th at p. 383.)

7

We thus hold the trial court correctly determined that Dominguez was *not* " 'currently serving a term for a judgment that includes' " a sentencing enhancement described in section 1172.75, subdivision (a) (*Rhodius*, *supra*, ___ Cal.5th at p. ___ [2025 WL 1763117, at p. *1]), and properly denied his request for a full resentencing.

## DISPOSITION

The order is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.

8